UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW JONES | CIVIL ACTION |
| VERSUS | |
| DISA GLOBAL SOLUTIONS, INC., ET AL. | NO. 17-1058-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 11, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW JONES | CIVIL ACTION |
| VERSUS | |
| DISA GLOBAL SOLUTIONS, INC., ET AL. | NO. 17-1058-JWD-RLB |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave of Court to File Third Supplemental and Amending Petition for Damages (R. Doc. 42) filed on December 13, 2017. The motion is opposed. (R. Doc. 51). Plaintiff has filed a Reply. (R. Doc. 56). Defendants have filed a Sur-Reply. (R. Doc. 61).

**I.    Background**

On or about September 19, 2017, Andrew Jones ("Plaintiff") filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants DISA Global Solutions, Inc. ("DISA"), Brand Energy Solutions, Inc. ("Brand"), and Motiva Company ("Motiva") (collectively, "Defendants"). (R. Doc. 1-1 at 5-17).

On October 11, 2017, DISA filed its Notice of Removal, removing the action based on diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). DISA filed an Amended Notice of Removal on November 1, 2017. (R. Doc. 13). DISA asserts that there is complete diversity between the parties because Plaintiff is a citizen of Louisiana, DISA is a citizen of Texas and Delaware, Brand is a citizen of Delaware and Georgia, and Motiva is a citizen of Delaware and Texas. (R. Doc. 13 at 2-3). DISA further asserts that it is facially apparent that the amount in controversy requirement is satisfied in light of Plaintiff's allegations. (R. Doc. 13 at 4-5).

1

Plaintiff's current pleading is his Second Supplemental and Amending Petition for Damages entered into the record on November 20, 2017. (R. Doc. 27, "Sec. Am. Compl.").

Plaintiff alleges that beginning in or about December 2015, he was employed as an insulator and boilermaker by Brand and worked at a Motiva pipeline facility in Covington, Louisiana. (Sec. Am. Compl. ¶ 3). On or about December 12, 2016, Plaintiff subjected himself to a random drug screening involving the collection of a hair sample. (Sec. Am. Compl. ¶ 5). Plaintiff alleges that "the mishandling of his hair sample and the unsanitary circumstances surrounding the drug test caused Plaintiff to be terminated on or about December 16, 2016, for an alleged positive drug test for amphetamines." (Sec. Am. Compl. ¶ 6).

Plaintiff alleges that Brand and Motiva "hired DISA to administer, manage, and monitor [their] drug testing program." (Sec. Am. Compl. ¶¶ 7-8). Plaintiff further alleges that Brand and Motiva "breached [their] duty of care when [they] improperly allowed DISA, the MRO [Medical Review Officer], the testing laboratory, and the drug test collector to improperly test, collect, and designate Plaintiff as a drug user and as an inactive status employee, thereby making him ineligible to return to work within the petrochemical industry because of a false-positive drug test result." (Sec. Am. Compl. ¶¶ 7-8). Plaintiff further alleges that "DISA collection site staff sent Plaintiff's hair sample specimen to an outside laboratory for chemical analysis"; "DISA is responsible for managing and administering the drug testing program, selecting the MRO and the testing laboratory, and sending the specimen to the testing laboratory"; and "DISA should be held vicariously liable for the acts of the MRO, the drug testing laboratory, and the specimen collectors who collected, tested, reviewed, and examined [Plaintiff's] specimen in 2016." (Sec. Am. Compl. ¶¶ 9(h), 12, 13). While Plaintiff asserts that "DISA site staff" conducted the specimen collection, Plaintiff does not identify the MRO or the testing laboratory.

2

Plaintiff further alleges that Defendants "are responsible for the unlawful and wrongful termination and dismissal of Plaintiff from his employment as follows, which includes: violation of his civil rights, invasion of privacy, interference with employment, and violation of state, and federal law, including but not limited to, the Louisiana Employment Discrimination Law, the Louisiana Human Rights Act, the Louisiana Drug Testing statutes, the NIDA guidelines, HIPAA, the DOT regulations, and the PHMSA regulations." (Sec. Am. Compl. ¶ 27(j)).

On December 4, 2017, each of the Defendants filed a Motion to Dismiss. (R. Docs. 29, 30, 31). Plaintiff asserts that through DISA's filing he first "learned the identity of the MRO, testing laboratory, and the company that collected the hair specimen." (R. Doc. 42 at 1).[1]

On December 13, 2017, Plaintiff filed the instant Motion, which seeks leave to file a proposed Third Supplemental and Amending Complaint for Damages adding as defendants Rand Barnett, D.O. ("Dr. Barnett") as the MRO, Psychemedics Corporation ("Psychemedics") as the testing laboratory, and Gulf Coast Occupational Medicine, Inc. ("Gulf Coast") as the company that collected the hair specimen. (R. Doc. 42; *see* R. Doc. 42-1). According to the proposed pleading, Dr. Barnett is a citizen of Pennsylvania, Psychemedics is a citizen of Delaware and Massachusetts, and Gulf Coast is a citizen of Louisiana. (R. Doc. 42-1 at 2). The proposed pleading specifically states the following in bold: "Subject Matter Jurisdiction and venue are not proper with this court because Gulf Coast is a Louisiana Corporation and destroys diversity," adding that "[t]his matter should be remanded." (R. Doc. 42-1 at 2-3). Plaintiff seeks leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (R. Doc. 42 at 2).

---

[1] Plaintiff initially asserts that he received DISA's Motion to Dismiss on November 29, 2017. (R. Doc. 42 at 1). In reply, Plaintiff represents that he "learned of the new parties from DISA's Motion to Dismiss and Initial Disclosures filed on December 4, 2017 and December 6, 2017, respectively." (R. Doc. 56 at 4).

3

In opposition, Defendants argue that because Plaintiff is seeking to add Gulf Coast as a non-diverse defendant to this action, the Court must consider 28 U.S.C. § 1447(e) and the factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987). (R. Doc. 51 at 5-6). Defendants admit that "Gulf Coast is the entity that collected Plaintiff's hair sample for laboratory analysis on January 12, 2017 and is domiciled in Louisiana." (R. Doc. 51 at 2). Defendants nevertheless argue that Plaintiff "knew or should have known of Gulf Coast's involvement in this matter because Gulf Coast collected his urine, hair, and/or saliva for drug testing purposes no less than 10 times since 2007." (R. Doc. 51 at 2). Defendants similarly argue that because Plaintiff's counsel has filed lawsuits involving both Dr. Barnett and Pychemedics, Plaintiff was dilatory in seeking leave to add those defendants as well. (R. Doc. 51 at 2-3). In light of the foregoing, as well as Plaintiff's proposed pleading and briefing before the Court, Defendants argue that Plaintiff's sole purpose for seeking leave to amend is to defeat diversity jurisdiction and that Plaintiff was dilatory in seeking amendment. (R. Doc. 51 at 6-8). Defendants further argue that Plaintiff will not be "significantly injured" if leave to amend is denied because Plaintiff's claims against Gulf Coast are futile and Gulf Coast is not an indispensable party. (R. Doc. 51 at 8-10).

In reply, Plaintiff argues that he has a valid cause of action against Gulf Coast because he "alleges that there was contamination by the collector and mis-handling of the hair sample" and Gulf Coast has a "duty to take a specimen in sanitary condition[s] and to label the samples correctly." (R. Doc. 56 at 1-2). Plaintiff further argues that he raised allegations against the specimen collector in his Second Supplemental and Amending Petition for Damages, and only learned the identity of Gulf Coast (as well as the identities of Dr. Barnett and Psychemedics) when DISA filed its Motion to Dismiss on December 4, 2017. (R. Doc. 56 at 2-4). Plaintiff

4

asserts he was not dilatory in seeking the amendment as he filed the instant motion in "approximately one week" after learning the identities of the proposed defendants and prior to the deadline to amend the pleadings set by the Court. (R. Doc. 56 at 4). Finally, Plaintiff argues that he will be significantly injured if required to file a separate lawsuit and engage in parallel state and federal actions. (R. Doc. 56 at 4-5).

In sur-reply, Defendants again asserts that Plaintiff was dilatory in determining the identity of Gulf Coast, and that Plaintiff will not suffer any prejudice if required to file a separate lawsuit. (R. Doc. 61).

## II.    Law and Analysis

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

5

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Since joinder of a non-diverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co*., 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*.

The first *Hengens* factor is resolved in favor of Plaintiff. In relevant part, Plaintiff seeks to name Gulf Coast as a defendant on the basis that it "negligently collected [Plaintiff's] hair sample in unsanitary conditions and under a situation wherein the hair sample was likely to be mis-labeled or otherwise contaminated." (R. Doc. 42-1 at 4). Plaintiff further seeks to allege that, along with the other defendants, "Gulf Coast acted with reckless disregard and failed to

6

administer, collect, analyze, and review [Plaintiff's] drug test in accordance with the Louisiana drug testing statutes (La. Rev. Stat. § 49:1001 *et seq.*), the DOT regulations (49 C.F.R. § 40.1 *et seq.*), and the Pipeline and Hazardous Materials Safety Administration's drug and alcohol testing program ("PHMSA regulations") (49 C.F.R. § 199.1 *et seq.*)." (R. Doc. 42-1 at 6).

Defendants argue that in the proposed pleading, "Plaintiff has stated nothing more than a conclusory and unfounded allegation that the conditions surrounding his hair sample collection . . . were 'likely' to cause a mislabeling or other contamination" and that this "bare speculation is not sufficient as a matter of law to state a claim." (R. Doc. 51 at 9). In support of this position, Defendants rely upon a single decision from this district for the proposition that "there is not 'any law or jurisprudence to support Plaintiff's claim that the person or entity that collects a sample for drug testing owes a duty of care to the person being tested.'" (R. Doc. 51 at 10) (quoting *LeBlanc v. DISA Glob. Sols., Inc.*, No. 17-76, 2017 WL 5147660, at *8 (M.D. La. Oct. 5, 2017), *report and recommendation adopted*, 2017 WL 5147150 (M.D. La. Nov. 6, 2017)).

In *LeBlanc*, the plaintiff filed a petition in state court seeking damages resulting from a failed a drug test, naming the specimen collector as a non-diverse defendant. *LeBlanc*, 2017 WL 5147660, at *1. After removal, the defendants argued that the court could exercise diversity jurisdiction in the action by ignoring the specimen collector's citizenship on the basis that it was improperly joined as a defendant, *i.e.*, the plaintiff had no reasonable basis of recovery against it. *Id*. at *5-7. In the petition, the sole factual allegations raised against the specimen collector was that the collection took place at its office, the "screening included collecting a hair sample for testing," and the non-diverse defendant's staff and employees "did not inquire about nor report [the plaintiff's] current medications." *Id*. at *6. In support of its position that it stated a claim against the specimen collector, the plaintiff argued that the specimen collector breached its duty

7

to collect relevant information from the plaintiff, including information regarding the legally prescribed medications he was taking. *Id*. at *7. In finding improper joinder, the court found that there was no law establishing that an entity collecting a specimen for drug testing had a duty to report information regarding medications being taken by the subject, and even if such a duty existed, the plaintiff did not allege sufficient facts to show that the specimen collector's alleged breach caused his injuries. *Id*. at *8-10.

In reaching the foregoing decision, the court specifically stated that "[c]ertainly, it would seem that [a specimen collector] would owe a duty, for example, to ensure that the proper sample is actually the one sent to the testing facility, *i.e.* that it was actually Plaintiff's hair that was sent to be tested." *Id*. at *8. The court also noted that Louisiana courts have found that independent drug testing laboratories owe a duty of reasonable care to employees who are tested.[2] The undersigned does not find, for purposes of a futility analysis under *Hensgens*, that such a duty could never extend to the collector of such specimens requiring performance in a similar reasonable manner.

In this action, the Plaintiff specifically seeks to allege that Gulf Coast was negligent in its handling of the drug test specimen. Plaintiff initially made the claim against DISA that the mishandling of the hair sample and unsanitary test conditions resulted in a false positive result, and is now seeking leave to name Gulf Coast as the actual entity who collected the samples. As stated above, the defendants do not dispute that Gulf Coast is the entity who collected Plaintiff's

---

[2] Citing *Smith v. Diamond Offshore Management Co.*, Civ. A. No. 03-2024, 2003 WL 23095586, at *7 (E.D. La. Dec. 23, 2003) (*citing Nehrenz v. Dunn*, 593 So.2d 915, 918 (La. App. 4 Cir. 1992); *Lewis v. Aluminum Co. of America*, 588 So.2d 167, 170 (La. App. 4 Cir. 1991); *Elliott v. Laboratory Specialists, Inc.*, 588 So.2d 175, 176 (La. App. 5 Cir. 1991)). In *Nehrenz* and *Lewis*, the Fourth Circuit Court of Appeal concluded that drug testing laboratories have a "duty to perform the drug tests in a competent and non-negligent manner." *See, Nehrenz*, 593 So.2d at 918; *Lewis*, 588 So.2d at 170. The court in *Elliot* even went so far as to say that, "To suggest that LSI does not owe Elliott a duty to analyze his body fluid in a scientifically reasonable manner is an abuse of fundamental fairness and justice." 588 So.2d at 176.

hair specimen. Whether Plaintiff has sufficiently stated a claim against Gulf Coast in the pleadings can be determined after the filing of any dispositive motion by Gulf Coast. Given the foregoing, the Court concludes that Plaintiff's attempt add Gulf Coast as a defendant is not solely to defeat diversity jurisdiction.

The second *Hensgens* factor also weighs in favor of Plaintiff. Plaintiff filed the instant motion within approximately three months of filing his Petition, within two months of removal, and within two weeks after DISA filed its motion to dismiss identifying Gulf Coast as the hair specimen collector. In addition, Plaintiff filed the instant motion the same day the Court issued its scheduling order, which set the deadline to amend the pleadings on February 16, 2018. (R. Doc. 43). Given the foregoing, Plaintiff was not dilatory in seeking amendment for the purposes of the *Hengens* factors.[3]

The third *Hensgens* factor, as well the consideration of other equitable factors, also weigh in favor of Plaintiff. Denying amendment would require Plaintiff to seek relief against Gulf Coast in a separate action, resulting in the danger on inconsistent results and the waste of judicial resources in light of parallel proceedings. Furthermore, Defendants' argument that they will be prejudiced if the action is remanded in light of the resources they have devoted to filing motions to dismiss falls short because Defendants will have the opportunity to urge the very same motions in state court upon remand.

Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment to add Gulf Coast as a non-diverse defendant in this action. Furthermore, consistent with the foregoing analysis of the *Hengens* factors, the factors

---

[3] The Court also finds that Plaintiff was not dilatory in naming Psychemedics and Dr. Barnett as additional defendants, as Plaintiff did so within the time allowed by the Court's scheduling order to seek leave to name new parties. To be clear, Plaintiff does not have to satisfy the *Hensgens* factors to amend his pleadings to name these defendants.

relevant to Rule 15(a)(2) provide that leave to amend to name all three of the proposed defendants should be granted.

### III. Conclusion

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave of Court to File Third Supplemental and Amending Petition for Damages (R. Doc. 42) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiff's Third Supplemental and Amending Complaint for Damages (R. Doc. 42-1) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of the Third Supplemental and Amending Complaint for Damages into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on June 11, 2018.

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**